GREGORY GERSHUNI, Esq. CA State Bar No. 82109
THE GERSHUNI LAW FIRM
1990 South Bundy Drive, Suite 630
Los Angeles, California 90025
Telephone:    (310) 474-6300
Email:  GGershuni@aol.com

Attorneys for Defendant
THE SERA LABS, INC., a Delaware corporation
erroneously sued as SERA LABS, INC.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINT EASTWOOD, an individual; GARAPATA, LLC, a California limited liability company, <br><br> Plaintiffs, <br><br> vs. <br><br> SERA LABS, INC., a Delaware corporation; GREENDIOS dba EUPHORIC, a California corporation; FOR OUR VETS, LLC dba PATRIOT SUPREME, an Arizona limited liability company; et al., <br><br> Defendants, | Case No. 2:20-cv-06503 JVS (DFMx) <br><br> **DEFENDANT SERA LABS, INC.'S ANSWER TO COMPLAINT;** <br><br> **DEMAND FOR JURY TRIAL** |

Defendant THE SERA LABS, INC., a Delaware corporation, erroneously sued herein as SERA LABS., INC ("the SERA defendant") hereby answers Plaintiffs' Complaint on its own behalf, for itself alone, by alleging, admitting, and denying as follows. All denials by the SERA defendant herein are meant to be inclusive of and extend to any and all persons and/or entities for whom SERA may be found to be vicariously liable.

//

//

1

## ANSWER

## ALLEGATIONS COMMON TO ALL CLAIMS

1.     Answering paragraph 1 of the Complaint, the SERA defendant admits the allegations as to the fame and success of the plaintiff CLINT EASTWOOD ("MR. EASTWOOD") as an actor, producer and director. Lacking sufficient knowledge and information as to MR. EASTWOOD's litigation history, licensing history, and product promotion history, the SERA defendant is unable to admit the remaining allegations of said paragraph 1 and on that basis denies same.

2.     Answering paragraph 2 of the Complaint, the SERA defendant admits this action arises from purported news article published by other parties – not the SERA defendant -- by which other parties – not the SERA defendant -- have misappropriated MR. EASTWOOD's name and likeness to promote CBD products. The SERA defendant further admits that MR. EASTWOOD has nothing whatsoever to do with the CBD products manufactured, promoted, and sold by the SERA defendant and further that the SERA defendant has nothing whatsoever to do with the apparent misappropriation and MR. EASTWOOD's name and likeness which is the subject of this action. The SERA defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of said paragraph 2 and on that basis denies same.

3.     Answering paragraph 3 of the Complaint, the SERA defendant, neither the author nor publisher of the "article" which is the subject thereof, is without sufficient knowledge or information to form a belief as to the truth of the allegations of said paragraph 3 and on that basis denies same.

4.     Answering paragraph 4 of the Complaint, the SERA defendant, neither the author nor publisher of the "article" which is the subject thereof, is without sufficient knowledge or information to form a belief as to the truth of the allegations of said paragraph 4 and on that basis denies same. Additionally, the SERA defendant denies that it has engaged in any wrongful act or omission by which it has profited from the misuse of MR. EASTWOOD's name, likeness, and association with the SERA defendant's products.

2

The SERA defendant is without sufficient knowledge or information to form a belief as to the remainder of paragraph 4 and therefore denies each of the remaining allegations contained therein.

5. Answering paragraph 5 of the Complaint, the SERA defendant denies that it has engaged in any unlawful actions whatsoever and denies further that it has demonstrated a conscious disregard for MR. EASTWOOD's rights. The SERA defendant further denies that it has participated in the authorship, publication, or dissemination of any knowingly false statements. The SERA defendant further denies that it has engaged in any act or omission "intentionally designed to capitalize on the goodwill, recognition, and fame associated with MR. EASTWOOD." The SERA defendant are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in said paragraph 5 and on that basis denies same.

6. Answering paragraph 6 of the Complaint, the SERA defendant admits that MR. EASTWOOD, by this action, seeks to hold accountable persons and entities that wrongfully crafted the alleged scheme and engaged in other wrongful conducted described in the complaint. In further answer to said paragraph 6, the SERA defendant denies that it is among the persons and/or entities that engaged in the wrongful conduct of which MR. EASTWOOD complains.

7. Answering paragraph 7 of the Compliant, the SERA defendant admits each and every allegation of said paragraph 7.

8. Answering paragraph 8 of the Compliant, the SERA defendant admits that plaintiff Garrapata, LLC is a California limited liability company. As to each and all of the remaining allegations in said paragraph 8, the SERA defendant lacks sufficient knowledge or information to form a belief as to the truth thereof and on that basis denies same.

9. Answering paragraph 9 of the Compliant, the SERA defendant admits that it is a Delaware corporation and that its principal place of business is located in Los Angeles County, California, and it further admits that it is a manufacturer, distributor, and seller of product containing CBD, including products branded as "Sera Relief." As to each and all

3

1  of the remaining allegations in said paragraph 9, the SERA defendant lacks sufficient
2  knowledge or information to form a belief as to the truth thereof and on that basis denies
3  same.

4      10.  Answering paragraph 10 of the Compliant, the SERA defendant lacks
5  sufficient knowledge or information to form a belief as to the truth thereof and on that
6  basis denies same.

7      11.  Answering paragraph 11 of the Compliant, the SERA defendant lacks
8  sufficient knowledge or information to form a belief as to the truth thereof and on that
9  basis denies same.

10      12.  Answering paragraph 12 of the Compliant, the SERA defendant lacks
11  sufficient knowledge or information to form a belief as to the truth thereof and on that
12  basis denies same.

13      13.  Answering paragraph 13 of the Complaint, the SERA defendant denies each
14  and all of the allegations set forth therein as relates to the SERA defendant. The SERA
15  defendant denies engaging in any wrongful acts or omissions of any kind whatsoever and
16  further denies acting in concert with any other person or entity for the purpose of
17  perpetrating, aiding, abetting, facilitating, causes, controlling, inducing or otherwise
18  participating in any wrongful act or omission. The SERA defendant is without sufficient
19  knowledge or information to form a belief as to each and every remaining allegation of
20  said paragraph 13 and therefore denies each and all of said remaining allegations.

21      14.  Answering paragraph 14 of the Complaint, the SERA defendant admits each
22  and every allegation thereof.

23      15.  Answering paragraph 15 of the Complaint, the SERA defendant admits each
24  and every allegation thereof.

25      16.  Answering paragraph 16 of the Complaint, the SERA defendant admits the
26  allegations as to the fame and success of the plaintiff CLINT EASTWOOD ("MR.
27  EASTWOOD") as an actor, producer and director. While acknowledging with admiration
28  MR. EASTWOOD's fame and success, the SERA defendant lacks sufficient knowledge

and information as to the particulars of MR. EASTWOOD's filmography and accolades and other achievements, the SERA defendant lacks sufficient knowledge and information to enable it to admit the remaining allegations of said paragraph 16 and on that basis denies same.

17.    Answering paragraph 17 of the Complaint, the SERA defendant lacks sufficient knowledge and information as to the particulars of MR. EASTWOOD's licensing and endorsement history, and exploitation of MR. EASTWOOD's personality rights and goodwill; the SERA defendant lacks sufficient knowledge and information to enable it to admit the allegations in this regard and on that basis denies same.

18.    Answering paragraph 18 of the Complaint, the SERA defendant lacks sufficient knowledge and information as to the particulars of MR. EASTWOOD's licensing and endorsement history, and exploitation of MR. EASTWOOD's personality rights and goodwill; the SERA defendant lacks sufficient knowledge and information to enable it to admit the allegations which are the subject of said paragraph 18 and on that basis denies same.

19.    Answering paragraph 19 of the Complaint, the SERA defendant lacks sufficient knowledge and information as to the particulars of the online search described by therein; the SERA defendant lacking sufficient knowledge and information to enable it to admit the allegations which are the subject of said paragraph 19, on that basis denies same.

20.    Answering paragraph 20 of the Complaint, the SERA defendant denies each and all of the allegations set forth therein as relates to the SERA defendant. The SERA defendant denies that it authored, published, sent, distributed encouraged, or otherwise had any prior knowledge of the described emails referring to MR. EASTWOOD. The SERA defendant denies that it engaged in any wrongful acts or omissions of any kind whatsoever and further denies acting in concert with any other person or entity for the purpose of perpetrating, aiding, abetting, facilitating, causes, controlling, inducing or otherwise participating in any wrongful act or omission. The SERA defendant is without sufficient

1 | knowledge or information to form a belief as to each and every remaining allegation of
2 | said paragraph 20 and therefore denies each and all of said remaining allegations.

3 |     21.    Answering paragraph 21 of the Complaint, the SERA defendant denies each
4 | and all of the allegations set forth therein as relates to the SERA defendant. The SERA
5 | defendant denies that it authored, published, sent, distributed encouraged, designed or
6 | otherwise had any prior knowledge of the described internet links and/or "spam email,"
7 | and/or the described website and/or "fraudulent 'news article.'" The SERA defendant
8 | denies that it engaged in any wrongful acts or omissions of any kind whatsoever and
9 | further denies acting in concert with any other person or entity for the purpose of
10 | perpetrating, aiding, abetting, facilitating, causes, controlling, inducing or otherwise
11 | participating in any wrongful act or omission. The SERA defendant is without sufficient
12 | knowledge or information to form a belief as to each and every remaining allegation of
13 | said paragraph 21 and therefore denies each and all of said remaining allegations.

14 |     22.    Answering paragraph 22 of the Complaint, the SERA defendant denies that
15 | is preapproved, authorized, or ratified any advertisement of its products by way of any
16 | "fraudulent 'article'" or by any other wrongful, dishonest, or deceptive means. The SERA
17 | defendant denies that it authored, published, sent, distributed encouraged, or otherwise had
18 | any prior knowledge of the described advertisements and/or "articles" referred to in said
19 | paragraph 22. The SERA defendant denies that it engaged in any wrongful acts or
20 | omissions of any kind whatsoever and further denies acting in concert with any other
21 | person or entity for the purpose of perpetrating, aiding, abetting, facilitating, causes,
22 | controlling, inducing or otherwise participating in any wrongful act or omission. The
23 | SERA defendant is without sufficient knowledge or information to form a belief as to each
24 | and every remaining allegation of said paragraph 22 and therefore denies each and all of
25 | said remaining allegations.

26 |     23.    Answering paragraph 23 of the Complaint, the SERA defendant denies that
27 | is preapproved, authorized, or ratified any advertisement of its products by way of any
28 | "fraudulent 'article'" or by any other wrongful, dishonest, or deceptive means. The SERA

defendant denies that it authored, published, sent, distributed encouraged, or otherwise had any prior knowledge of the described advertisements and/or "articles" referred to in said paragraph 23. The SERA defendant denies that it engaged in any wrongful acts or omissions of any kind whatsoever and further denies acting in concert with any other person or entity for the purpose of perpetrating, aiding, abetting, facilitating, causes, controlling, inducing or otherwise participating in any wrongful act or omission. The SERA defendant is without sufficient knowledge or information to form a belief as to each and every allegation of said paragraph 23 and therefore denies each and all of said allegations.

24. Answering paragraph 24 of the Complaint, the SERA defendant denies that is preapproved, authorized, or ratified any advertisement of its products by way of any "fraudulent 'article'" or by any other wrongful, dishonest, or deceptive means. The SERA defendant denies that it authored, published, sent, distributed encouraged, or otherwise had any prior knowledge of the described advertisements and/or "articles" referred to in said paragraph 24. The SERA defendant denies that it engaged in any wrongful acts or omissions of any kind whatsoever and further denies acting in concert with any other person or entity for the purpose of perpetrating, aiding, abetting, facilitating, causes, controlling, inducing or otherwise participating in any wrongful act or omission. The SERA defendant is without sufficient knowledge or information to form a belief as to each and every allegation of said paragraph 24 and therefore denies each and all of said allegations.

25. Answering paragraph 25 of the Complaint, the SERA defendant is without sufficient knowledge or information to form a belief as to each and every allegation of said paragraph 25 and therefore denies each and all of said remaining allegations.

26. Answering paragraph 26 of the Complaint, the SERA defendant refers to and incorporates herein by this reference each and all of the allegations and denials set forth in the foregoing paragraphs numbered 1 through 25, inclusive, as if set forth at length.

7

27.     Answering paragraph 27 of the Complaint, the SERA defendant is without sufficient knowledge or information to form a belief as to each and every allegation of said paragraph 27 and therefore denies each and all of said allegations.

28.     Answering paragraph 28 of the Complaint, the SERA defendant denies that it used the name, image, likeness, and/or persona of MR. EASTWOOD to advertise CBD products of any kind or for any other purpose whatsoever. As to the SERA defendant, each and all of the allegations set forth therein are expressly denied. The SERA defendant denies that it engaged in any wrongful acts or omissions of any kind whatsoever and further denies acting in concert with any other person or entity for the purpose of perpetrating, aiding, abetting, facilitating, causes, controlling, inducing or otherwise participating in any wrongful act or omission. The SERA defendant is without sufficient knowledge or information to form a belief as to each and every remaining allegation of said paragraph 28 and therefore denies each and all of said remaining allegations.

29.     Answering paragraph 29 of the Complaint, the SERA defendant denies that it used the name, image, likeness, and/or persona of MR. EASTWOOD to advertise CBD products of any kind or for any other purpose whatsoever. As to the SERA defendant, each and all of the allegations set forth therein are expressly denied. The SERA defendant denies that it engaged in any commercial misappropriation in violation of Section 3344 of the California Civil Code or in violation of any other law or regulation. The SERA defendant denies that it engaged in any wrongful acts or omissions of any kind whatsoever and further denies acting in concert with any other person or entity for the purpose of perpetrating, aiding, abetting, facilitating, causes, controlling, inducing or otherwise participating in any wrongful act or omission. The SERA defendant is without sufficient knowledge or information to form a belief as to each and every remaining allegation of said paragraph 29 and therefore denies each and all of said remaining allegations.

30.     Answering paragraph 30 of the Complaint, the SERA defendant denies each and all of the allegations set forth therein and it denies plaintiff Garrapata has suffered or will suffer damages in any amount whatsoever.

31.     Answering paragraph 31 of the Complaint, the SERA defendant denies each and all of the allegations set forth therein and specifically denies that the SERA defendant has been unjustly enriched by virtue of any alleged wrongful act or omission. The SERA defendant is without sufficient knowledge or information to form a belief as to each and every remaining allegation of said paragraph 31 and therefore denies each and all of said remaining allegations.

32.     Answering paragraph 32 of the Complaint, the SERA defendant denies each and all of the allegations set forth therein. The SERA defendant denies that it acted in any manner that could be characterized as malicious, oppressive, fraudulent or with intent to injure plaintiffs or with conscious disregard of plaintiffs' rights. Furthermore, the SERA defendant alleges that no person or entity acting on behalf of the SERA defendant acted in any manner that could be characterized as malicious, oppressive, fraudulent or with intent to injure plaintiffs or with conscious disregard of plaintiffs' rights. Plaintiffs are not entitled to recover punitive or exemplary damages in any amount whatsoever.

33.     Answering paragraph 33 of the Complaint, the SERA defendant refers to and incorporates herein by this reference each and all of the allegations and denials set forth in the foregoing paragraphs numbered 1 through 32, inclusive, as if set forth at length.

34.     Answering paragraph 34 of the Complaint, the SERA defendant is without sufficient knowledge or information to form a belief as to each and every allegation of said paragraph 34 and therefore denies each and all of said allegations.

35.     Answering paragraph 35 of the Complaint, the SERA defendant denies that it used the name, image, likeness, and/or persona of MR. EASTWOOD to advertise CBD products of any kind or for any other purpose whatsoever. As to the SERA defendant, each and all of the allegations set forth therein are expressly denied. The SERA defendant denies that it engaged in any wrongful acts or omissions of any kind whatsoever and further denies acting in concert with any other person or entity for the purpose of perpetrating, aiding, abetting, facilitating, causes, controlling, inducing or otherwise participating in any wrongful act or omission. The SERA defendant is without sufficient

9

1 knowledge or information to form a belief as to each and every remaining allegation of

2 said paragraph 35 and therefore denies each and all of said remaining allegations.

3        36.      Answering paragraph 36 of the Complaint, the SERA defendant denies that it

4 used the name, image, likeness, and/or persona of MR. EASTWOOD to advertise CBD

5 products of any kind or for any other purpose whatsoever. As to the SERA defendant, each

6 and all of the allegations set forth therein are expressly denied. The SERA defendant

7 denies that it engaged in any commercial misappropriation in violation of California's

8 common law right of publicity or in violation of any other law or regulation. The SERA

9 defendant denies that it engaged in any wrongful acts or omissions of any kind whatsoever

10 and further denies acting in concert with any other person or entity for the purpose of

11 perpetrating, aiding, abetting, facilitating, causes, controlling, inducing or otherwise

12 participating in any wrongful act or omission. The SERA defendant is without sufficient

13 knowledge or information to form a belief as to each and every remaining allegation of

14 said paragraph 36 and therefore denies each and all of said remaining allegations.

15        37.      Answering paragraph 37 of the Complaint, the SERA defendant denies each

16 and all of the allegations set forth therein and it denies plaintiff Garrapata has suffered or

17 will suffer damages in any amount whatsoever.

18        38.      Answering paragraph 38 of the Complaint, the SERA defendant denies each

19 and all of the allegations set forth therein and specifically denies that the SERA defendant

20 has been unjustly enriched by virtue of any alleged wrongful act or omission. The SERA

21 defendant is without sufficient knowledge or information to form a belief as to each and

22 every remaining allegation of said paragraph 38 and therefore denies each and all of said

23 remaining allegations.

24        39.      Answering paragraph 39 of the Complaint, the SERA defendant denies each

25 and all of the allegations set forth therein. The SERA defendant denies that it acted in any

26 manner that could be characterized as malicious, oppressive, fraudulent or with intent to

27 injure plaintiffs or with conscious disregard of plaintiffs' rights. Furthermore, the SERA

28 defendant alleges that no person or entity acting on behalf of the SERA defendant acted in

1   any manner that could be characterized as malicious, oppressive, fraudulent or with intent

2   to injure plaintiffs or with conscious disregard of plaintiffs' rights. Plaintiffs are not

3   entitled to recover punitive or exemplary damages in any amount whatsoever.

4        40.    Answering paragraph 40 of the Complaint, the SERA defendant refers to and

5   incorporates herein by this reference each and all of the allegations and denials set forth in

6   the foregoing paragraphs numbered 1 through 39, inclusive, as if set forth at length.

7        41.    Answering paragraph 41 of the Complaint, the SERA defendant is without

8   sufficient knowledge or information to form a belief as to each and every allegation of said

9   paragraph 41 and therefore denies each and all of said allegations.

10       42.    Answering paragraph 42 of the Complaint, the SERA defendant denies that it

11  used the name, image, likeness, and/or persona of MR. EASTWOOD and/or distinctive

12  attributes of MR. EASTWOOD, to advertise CBD products of any kind or for any other

13  purpose whatsoever. The SERA defendant expressly denies that it posted online a false

14  "news article" (or any news article whatsoever) that included images of MR. EASTWOOD

15  and/or false quotes from MR. EASTWOOD or from other celebrities.  As to the SERA

16  defendant, each and all of the allegations set forth therein are expressly denied. The SERA

17  defendant denies that it engaged in any wrongful acts or omissions of any kind whatsoever

18  and further denies acting in concert with any other person or entity for the purpose of

19  perpetrating, aiding, abetting, facilitating, causes, controlling, inducing or otherwise

20  participating in any wrongful act or omission. The SERA defendant is without sufficient

21  knowledge or information to form a belief as to each and every remaining allegation of

22  said paragraph 42 and therefore denies each and all of said remaining allegations.

23       43.    Answering paragraph 43 of the Complaint, the SERA defendant denies that it

24  used the name, image, likeness, and/or persona of MR. EASTWOOD to advertise SERA's

25  business or its products or for any other purpose whatsoever. As to the SERA defendant,

26  each and all of the allegations set forth therein are expressly denied. The SERA defendant

27  denies that it engaged in any confusing and/or deceptive advertising whatsoever and

28  certainly denies that it attempted to portray MR. EASTWOOD as endorsing, sponsoring,

or in any other way being associated the SERA's business and/or products. The SERA defendant denies that it engaged in any wrongful acts or omissions of any kind whatsoever and further denies acting in concert with any other person or entity for the purpose of perpetrating, aiding, abetting, facilitating, causes, controlling, inducing or otherwise participating in any wrongful act or omission. The SERA defendant is without sufficient knowledge or information to form a belief as to each and every remaining allegation of said paragraph 43 and therefore denies each and all of said remaining allegations.

44. Answering paragraph 44 of the Complaint, the SERA defendant denies that it used the name, image, likeness, and/or persona of MR. EASTWOOD to advertise SERA's business or its products or for any other purpose whatsoever. As to the SERA defendant, each and all of the allegations set forth therein are expressly denied. The SERA defendant denies that it engaged in any confusing and/or deceptive advertising whatsoever and certainly denies that it attempted to portray MR. EASTWOOD as endorsing, sponsoring, or in any other way being associated the SERA's business and/or products. The SERA defendant denies that it engaged in any wrongful acts or omissions of any kind whatsoever and further denies acting in concert with any other person or entity for the purpose of perpetrating, aiding, abetting, facilitating, causes, controlling, inducing or otherwise participating in any wrongful act or omission. The SERA defendant is without sufficient knowledge or information to form a belief as to each and every remaining allegation of said paragraph 44 and therefore denies each and all of said remaining allegations.

45. Answering paragraph 45 of the Complaint, the SERA defendant denies each and all of the allegations set forth therein and it denies plaintiff Garrapata has suffered or will suffer damages in any amount whatsoever.

46. Answering paragraph 46 of the Complaint, the SERA defendant denies each and all of the allegations set forth therein and specifically denies that plaintiff is entitled to any relief whatsoever or denies further that the SERA defendant has profited from any alleged wrongful act or omission. The SERA defendant is without sufficient knowledge or

1    information to form a belief as to each and every remaining allegation of said paragraph 46

2    and therefore denies each and all of said remaining allegations.

3        47.    Answering paragraph 47 of the Complaint, the SERA defendant denies each

4    and all of the allegations set forth therein. Plaintiffs are not entitled to recover attorney fees

5    court costs.

6        48.    Answering paragraph 48 of the Complaint, the SERA defendant denies that it

7    committed any of the alleged "unauthorized acts" and specifically denies having used the

8    name, image, likeness, and/or persona of MR. EASTWOOD to advertise SERA's business

9    or its products or for any other purpose whatsoever. As to the SERA defendant, each and

10   all of the allegations set forth therein are expressly denied. Plaintiffs are not entitled to any

11   award of damages whatsoever. The SERA defendant denies that it engaged in any

12   confusing and/or deceptive advertising whatsoever and certainly denies that it attempted to

13   portray MR. EASTWOOD as endorsing, sponsoring, or in any other way being associated

14   the SERA's business and/or products. The SERA defendant denies that it engaged in any

15   wrongful acts or omissions of any kind whatsoever and further denies acting in concert

16   with any other person or entity for the purpose of perpetrating, aiding, abetting,

17   facilitating, causes, controlling, inducing or otherwise participating in any wrongful act or

18   omission. The SERA defendant denies that it acted willfully, knowingly, or maliciously, so

19   as to deceive or confuse any person or entity. SERA defendant is without sufficient

20   knowledge or information to form a belief as to each and every remaining allegation of

21   said paragraph 48 and therefore denies each and all of said remaining allegations.

22       49.    Answering paragraph 49 of the Complaint, the SERA defendant refers to and

23   incorporates herein by this reference each and all of the allegations and denials set forth in

24   the foregoing paragraphs numbered 1 through 48, inclusive, as if set forth at length.

25       50.    Answering paragraph 50 of the Complaint, the SERA defendant is without

26   sufficient knowledge or information to form a belief as to each and every allegation of said

27   paragraph 50 and therefore denies each and all of said allegations.

28

51.     Answering paragraph 51 of the Complaint, the SERA defendant is without sufficient knowledge or information to form a belief as to each and every allegation of said paragraph 51 and therefore denies each and all of said allegations.

52.     Answering paragraph 52 of the Complaint, the SERA defendant is without sufficient knowledge or information to form a belief as to each and every allegation of said paragraph 52 and therefore denies each and all of said allegations.

53.     Answering paragraph 53 of the Complaint, the SERA defendant denies that it has infringed on Garrapata's registered and/or common law trademarks in any manner whatsoever at anytime ever or for any purpose whatsoever. The SERA defendant is without sufficient knowledge or information to form a belief as to each and every remaining allegation of said paragraph 53 and therefore denies each and all of said remaining allegations.

54.     Answering paragraph 54 of the Complaint, the SERA defendant denies that it infringed, exploited, or used Garrapata's registered and/or common law trademark or otherwise used the name, image, likeness, and/or persona of MR. EASTWOOD to advertise SERA's business or its products or for any other purpose whatsoever or to confuse or deceive consumers as to the origin, sponsorship and/or endorsement of SERA's CBD brands and products. As to the SERA defendant, each and all of the allegations set forth therein are expressly denied. The SERA defendant denies that it engaged in any confusing and/or deceptive advertising whatsoever and certainly denies that it attempted to portray MR. EASTWOOD as endorsing, sponsoring, or in any other way being associated the SERA's business and/or products. The SERA defendant denies that it engaged in any wrongful acts or omissions of any kind whatsoever and further denies acting in concert with any other person or entity for the purpose of perpetrating, aiding, abetting, facilitating, causes, controlling, inducing or otherwise participating in any wrongful act or omission. The SERA defendant is without sufficient knowledge or information to form a belief as to each and every remaining allegation of said paragraph 54 and therefore denies each and all of said remaining allegations.

55. Answering paragraph 55 of the Complaint, the SERA defendant denies each and all of the allegations set forth therein and it denies plaintiff Garrapata has suffered or will suffer damages in any amount whatsoever.

56. Answering paragraph 56 of the Complaint, the SERA defendant denies each and all of the allegations set forth therein and specifically denies that plaintiff is entitled to any relief whatsoever or denies further that the SERA defendant has profited from any alleged wrongful act or omission. The SERA defendant is without sufficient knowledge or information to form a belief as to each and every remaining allegation of said paragraph 56 and therefore denies each and all of said remaining allegations.

57. Answering paragraph 57 of the Complaint, the SERA defendant denies each and all of the allegations set forth therein. Plaintiffs are not entitled to recover attorney fees court costs.

58. Answering paragraph 58 of the Complaint, the SERA defendant denies that it committed any of the alleged "unauthorized acts" and specifically denies having used the name, image, likeness, and/or persona of MR. EASTWOOD to advertise SERA's business or its products or for any other purpose whatsoever. As to the SERA defendant, each and all of the allegations set forth therein are expressly denied. Plaintiffs are not entitled to any award of damages whatsoever. The SERA defendant denies that it engaged in any confusing and/or deceptive advertising whatsoever and certainly denies that it attempted to portray MR. EASTWOOD as endorsing, sponsoring, or in any other way being associated the SERA's business and/or products. The SERA defendant denies that it engaged in any wrongful acts or omissions of any kind whatsoever and further denies acting in concert with any other person or entity for the purpose of perpetrating, aiding, abetting, facilitating, causes, controlling, inducing or otherwise participating in any wrongful act or omission. The SERA defendant denies that it acted willfully, knowingly, or maliciously. so as to deceive or confuse any person or entity. SERA defendant is without sufficient knowledge or information to form a belief as to each and every remaining allegation of said paragraph 58 and therefore denies each and all of said remaining allegations.

15

59. Answering paragraph 59 of the Complaint, the SERA defendant refers to and incorporates herein by this reference each and all of the allegations and denials set forth in the foregoing paragraphs numbered 1 through 58, inclusive, as if set forth at length.

60. Answering paragraph 60 of the Complaint, the SERA defendant is without sufficient knowledge or information to form a belief as to each and every allegation of said paragraph 60 and therefore denies each and all of said allegations.

61. Answering paragraph 61 of the Complaint, the SERA defendant is without sufficient knowledge or information to form a belief as to each and every allegation of said paragraph 61 and therefore denies each and all of said allegations.

62. Answering paragraph 62 of the Complaint, the SERA defendant is without sufficient knowledge or information to form a belief as to each and every allegation of said paragraph 62 and therefore denies each and all of said allegations.

63. Answering paragraph 63 of the Complaint, the SERA defendant denies that it has infringed on Garrapata's registered and/or common law trademarks in any manner whatsoever at anytime ever or for any purpose whatsoever. The SERA defendant is without sufficient knowledge or information to form a belief as to each and every remaining allegation of said paragraph 63 and therefore denies each and all of said remaining allegations.

64. Answering paragraph 64 of the Complaint, the SERA defendant denies that it infringed, exploited, or used Garrapata's registered and/or common law trademark or otherwise used the name, image, likeness, and/or persona of MR. EASTWOOD to advertise SERA's business or its products or for any other purpose whatsoever or to confuse or deceive consumers as to the origin, sponsorship and/or endorsement of SERA's CBD brands and products. As to the SERA defendant, each and all of the allegations set forth therein are expressly denied. The SERA defendant denies that it engaged in any confusing and/or deceptive advertising whatsoever and certainly denies that it attempted to portray MR. EASTWOOD as endorsing, sponsoring, or in any other way being associated the SERA's business and/or products. The SERA defendant denies that it engaged in any

wrongful acts or omissions of any kind whatsoever and further denies acting in concert with any other person or entity for the purpose of perpetrating, aiding, abetting, facilitating, causes, controlling, inducing or otherwise participating in any wrongful act or omission. The SERA defendant is without sufficient knowledge or information to form a belief as to each and every remaining allegation of said paragraph 64 and therefore denies each and all of said remaining allegations.

65.     Answering paragraph 65 of the Complaint, the SERA defendant denies each and all of the allegations set forth therein and it denies plaintiff Garrapata has suffered or will suffer damages in any amount whatsoever.

66.     Answering paragraph 66 of the Complaint, the SERA defendant denies each and all of the allegations set forth therein and specifically denies that the SERA defendant acted with fraud, oppression, or malice and it denies infringing on Garrapata's mark. Plaintiff is not entitled to any relief whatsoever and is certainly not entitled to punitive damages. The SERA defendant is without sufficient knowledge or information to form a belief as to each and every remaining allegation of said paragraph 66 and therefore denies each and all of said remaining allegations.

67.     Answering paragraph 67 of the Complaint, the SERA defendant refers to and incorporates herein by this reference each and all of the allegations and denials set forth in the foregoing paragraphs numbered 1 through 66, inclusive, as if set forth at length.

68.     Answering paragraph 68 of the Complaint, the SERA defendant is without sufficient knowledge or information to form a belief as to each and every allegation of said paragraph 68 and therefore denies each and all of said allegations.

69.     Answering paragraph 69 of the Complaint, the SERA defendant is without sufficient knowledge or information to form a belief as to each and every allegation of said paragraph 69 and therefore denies each and all of said allegations.

70.     Answering paragraph 70 of the Complaint, the SERA defendant is without sufficient knowledge or information to form a belief as to each and every allegation of said paragraph 70 and therefore denies each and all of said allegations.

71.     Answering paragraph 71 of the Complaint, the SERA defendant denies that it has made any unprivileged, false, and/or defamatory statement about MR. EASTWOOD or otherwise in connection with SERA's products and/or any person associated with SERA's products. The SERA defendant is without sufficient knowledge or information to form a belief as to each and every remaining allegation of said paragraph 71 and therefore denies each and all of said remaining allegations.

72.     Answering paragraph 72 of the Complaint, the SERA defendant is without sufficient knowledge or information to form a belief as to each and every allegation of said paragraph 72 and therefore denies each and all of said allegations.

73.     Answering paragraph 73 of the Complaint, the SERA defendant denies that it made any false statements about plaintiffs, or either of them; the SERA defendant denies that it made any statements about plaintiffs, or either of them, which were malicious or known to be untrue when uttered or made with a reckless disregard for the truth. The SERA defendant is without sufficient knowledge or information to form a belief as to each and every remaining allegation of said paragraph 73 and therefore denies each and all of said remaining allegations.

73.     Answering paragraph 73 of the Complaint, the SERA defendant denies that it made any false statements about plaintiffs, or either of them; the SERA defendant denies that it made any statements about plaintiffs, or either of them, which were malicious or known to be untrue when uttered or made with a reckless disregard for the truth. The SERA defendant is without sufficient knowledge or information to form a belief as to each and every remaining allegation of said paragraph 73 and therefore denies each and all of said remaining allegations.

74.     Answering paragraph 74 of the Complaint, the SERA defendant denies that it made any false statements about plaintiffs, or either of them; the SERA defendant denies that it made any statements about plaintiffs, or either of them, which exposed plaintiffs, or either of them, to hatred, ridicule, contempt, or obloquy, or which otherwise harmed plaintiffs, or either of them, in their respective trade or profession. The SERA defendant is

without sufficient knowledge or information to form a belief as to each and every remaining allegation of said paragraph 74 and therefore denies each and all of said remaining allegations.

75.    Answering paragraph 75 of the Complaint, the SERA defendant denies each and all of the allegations set forth therein and it denies plaintiffs, or either of them, has suffered or will suffer damages, general, specific, or otherwise, in any amount whatsoever.

76.    Answering paragraph 76 of the Complaint, the SERA defendant denies each and all of the allegations set forth therein and specifically denies that the SERA defendant acted with fraud, oppression, or malice and it denies infringing on Garrapata's mark. Plaintiff is not entitled to any relief whatsoever and is certainly not entitled to punitive damages. The SERA defendant is without sufficient knowledge or information to form a belief as to each and every remaining allegation of said paragraph 76 and therefore denies each and all of said remaining allegations.

77.    Answering paragraph 77 of the Complaint, the SERA defendant denies each and all of the allegations set forth therein and specifically denies that the SERA defendant has threatened to act in a manner consistent with the alleged threat of future misconduct, all of which is denied by the SERA defendant. Therefore, plaintiff is entitled to no injunctive relief as against the SERA defendant.

78.    Answering paragraph 78 of the Complaint, the SERA defendant refers to and incorporates herein by this reference each and all of the allegations and denials set forth in the foregoing paragraphs numbered 1 through 77, inclusive, as if set forth at length.

79.    Answering paragraph 79 of the Complaint, the SERA defendant denies each and every allegation set forth therein with respect to the alleged acts / omissions of the SERA defendant; as to each and all of the remaining defendants the SERA defendant is without sufficient knowledge or information to form a belief as to each and every allegation of said paragraph 79 and therefore denies each and all of said allegations.

80. Answering paragraph 80 of the Complaint, the SERA defendant is without sufficient knowledge or information to form a belief as to each and every allegation of said paragraph 80 and therefore denies each and all of said allegations.

81. Answering paragraph 81 of the Complaint, the SERA defendant denies that it has made any unprivileged and/or false statement about MR. EASTWOOD or otherwise in connection with SERA's products and/or any person associated with SERA's products. The SERA defendant is without sufficient knowledge or information to form a belief as to each and every remaining allegation of said paragraph 81 and therefore denies each and all of said remaining allegations.

82. Answering paragraph 82 of the Complaint, the SERA defendant denies that it has made any statement about MR. EASTWOOD which would place MR. EASTWOOD in a false light or which would otherwise be highly offensive to a reasonable person in MR. EASTWOOD's position. The SERA defendant is without sufficient knowledge or information to form a belief as to each and every remaining allegation of said paragraph 82 and therefore denies each and all of said remaining allegations.

83. Answering paragraph 83 of the Complaint, the SERA defendant denies that it made any statements about plaintiffs, or either of them which were malicious or known to be untrue when uttered or made with a reckless disregard for the truth. The SERA defendant is without sufficient knowledge or information to form a belief as to each and every remaining allegation of said paragraph 83 and therefore denies each and all of said remaining allegations.

84. Answering paragraph 84 of the Complaint, the SERA defendant denies each and all of the allegations set forth therein and it denies plaintiffs, or either of them, has suffered or will suffer damages, general, specific, or otherwise, in any amount whatsoever.

85. Answering paragraph 85 of the Complaint, the SERA defendant denies each and all of the allegations set forth therein and specifically denies that the SERA defendant acted with fraud, oppression, or malice and it denies plaintiffs, or either of them, are entitled to any relief whatsoever and are certainly not entitled to punitive damages. The

1   SERA defendant is without sufficient knowledge or information to form a belief as to each

2   and every remaining allegation of said paragraph 85 and therefore denies each and all of

3   said remaining allegations.

4       86.     Answering paragraph 86 of the Complaint, the SERA defendant denies each

5   and all of the allegations set forth therein and specifically denies that the SERA defendant

6   has threatened to act in a manner consistent with the alleged threat of future misconduct,

7   all of which is denied by the SERA defendant. Therefore, plaintiff is entitled to no

8   injunctive relief as against the SERA defendant.

9

10                          **AFFIRMATIVE DEFENSES**

11      87.     In addition to the above-referenced responses and specific denials, the SERA

12  defendant alleges on information and belief and pending further investigation and

13  discovery, the affirmative defenses listed below. The SERA defendant reserves the right

14  to amend this answer to identify any and all statutory and/or decisional authority

15  supporting some or all of the affirmative defenses referenced below. The SERA defendant

16  does not otherwise waive, and specifically reserves the right to assert additional

17  affirmative defenses based on statutory and decisional authorities and equitable doctrines

18  and further reserves the right to amend, correct, or modify the affirmative defenses based

19  on subsequent investigation and discovery.

20                          **FIRST AFFIRMATIVE DEFENSE**

21      88.     All events, happenings, injuries, and damages referred to in Plaintiffs'

22  Complaint were proximately caused by the misconduct of Plaintiff and/or firms, persons,

23  corporations, predecessor attorneys, successor attorneys, or entities other than the SERA

24  defendant. Wherefore, if there is found to be fault on the part of the SERA defendant

25  which in any manner contributed to Plaintiffs' alleged damages, if any, a finding should be

26  made apportioning and affixing the comparative fault of any and all parties or persons,

27  whether named in this action or otherwise.

28

## SECOND AFFIRMATIVE DEFENSE

89.     The Complaint is barred by Plaintiffs' failure to take reasonable steps to mitigate its claim of damages.  While the SERA defendant denies that Plaintiffs have been damaged in any manner or amount, or as a result of any act or omission by the SERA defendant, if contrary to the denials herein it is determined that Plaintiffs, or either of them, have been damaged, this answering defendant is informed and believes and, based thereon alleges, that Plaintiffs failed to take reasonable steps to mitigate damages, if any, with respect to the matters alleged in the Complaint, and any recovery awarded should be reduced by the amount of damages that reasonably could have been avoided by Plaintiff(s).

## THIRD AFFIRMATIVE DEFENSE

90.     The SERA defendant is informed and believes and based thereon alleges that the Complaint is barred by conduct, actions, and inactions of Plaintiffs under the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

91.     The SERA defendant is informed and believes and based thereon alleges that the Complaint is barred by conduct, actions, and inactions of Plaintiffs which amount to and constitute an estoppel of the causes of action and any relief sought thereby.

## FIFTH AFFIRMATIVE DEFENSE

92.     The SERA defendant is informed and believes and, based thereon alleges, that the Complaint is barred by conduct, actions, and inactions of Plaintiff which amount to and constitute a waiver of any right or rights Plaintiffs may or might have in relation to the matters alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

93.     The SERA defendant are informed and believe and, based thereon allege, that the Complaint and each and every cause of action separately considered is barred by the doctrine of laches.

//

//

22

## SEVENTH AFFIRMATIVE DEFENSE

94.     The statements which plaintiff attributes to defendants with respect to the character, reputation, and good will of plaintiff CLINT EASTWOOD are so outlandish and bizarre as to be unbelievable. Plaintiffs would suffer no harm from such outlandish and bizarre claim because no reasonable person would believe such statements.

## PRAYER FOR RELIEF

WHEREFORE, the SERA defendant prays for judgment as follows:

1.     That Plaintiffs take nothing by way of the Complaint;

2.     That the Complaint be dismissed in its entirety, with prejudice and that judgment thereon be entered in favor of the SERA defendant;

3.     That the SERA defendant recovers the fees and costs incurred herein; and

4.     For such other and further relief as the Court deems just and proper.

THE GERSHUNI LAW FIRM

Dated: August 11, 2020     By: _____
                                Gregory Gershuni
                                Attorneys for Defendants, THE SERA LABS, INC.

1

VERIFICATION

2

STATE OF CALIFORNIA                    }
                                       }
3

COUNTY OF LOS ANGELES                  }

4

5      I have read the foregoing **DEFENDANT THE SERA LABS, INC.'S ANSWER TO**

6   **COMPLAINT; DEMAND FOR JURY TRIAL**, and know its contents.

7      I am an officer of THE SERA LABS, INC., a defendant in the above-captioned action,

8   erroneously sued as SERA LABS, INC. Except as to those matters stated on information and

9   belief, the matters stated therein are true; as to those matters alleged on information and belief, I

10  believe those matters to be true.

11     I declare under penalty of perjury under the laws of the United States of America, and

12  under the laws of the State of California, that the foregoing is true and correct and that this

13  declaration is executed on August _12_ 2020, at Los Angeles County, California.

14

15

16

17  Nancy Duitch

18

19

20

21

22

23

24

25

26

27

28

24

# DECLARATION RE PROOF OF SERVICE

State of California, County of Los Angeles

I am employed in the county of Los Angeles, State of California. I am over eighteen (18) years of age; I am not a party to the within action; my business address is 1990 South Bundy Drive, Suite 630, Los Angeles, California 90025.

On August 12, 2020, I served the above DEFENDANT SERA LABS, INC.'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL on the interested parties in this action by mail by placing a true and correct copy of said document in a sealed envelope with first class postage thereon fully prepaid, addressed as follows:

> Jordan Susman, Esq.
> Margo Arnold, Esq.
> NOLAN HEIMANN LLP
> 16133 Ventura Boulevard, Suite 820
> Encino, California 91436
> jsusman@nolanheimann.com
> marnold@nolanheimann.com

I personally deposited said sealed envelope in the U.S. Mail at Los Angeles, California that same day after first sending a complete electronic copy of said document in PDF format via email to each of the email addresses shown above. Such email transmission appeared to be completed successfully, without any reported error.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and that this declaration is executed August 12, 2020, at Los Angeles, California.

_____
Gregory Gershuny

GERSHUNI
LAW FIRM