UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-06503-RGK (JDEx) | Date | June 23, 2021 |
|---|---|---|---|
| Title | *Clint Eastwood, et al. v. Sera Labs, Inc. et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: | |
| Not Present | | Not Present | |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion for Default Judgment [DE 67]

## I. INTRODUCTION

On February 12, 2021, Plaintiffs Clint Eastwood and Garrapata, LLC ("Garrapata") (collectively, "Plaintiffs") filed a First Amended Complaint ("Complaint") against Mediatonas UAB ("Defendant") alleging (1) violation of common law right of publicity; (2) violation of California Civil Code § 3344; (3) false endorsement under the Lanham Act; (4) trademark infringement; (5) common law trademark infringement; (6) defamation; and (7) false light invasion of privacy. Defendant has neither answered nor otherwise responded to the Complaint. On March 18, 2021, the Clerk entered default against Defendant.

Presently before the Court is Plaintiffs' Motion for Default Judgment and Permanent Injunction ("Motion"). For the following reasons, the Court **DENIES without prejudice** Plaintiffs' Motion.

## II. FACTUAL BACKGROUND

Plaintiffs allege the following:

Clint Eastwood is a worldwide icon of the entertainment industry. (Mot. Default J., 1:6-7, ECF No. 67). Garrapata owns the rights of publicity in Mr. Eastwood's name, image, likeness, and persona for all purposes other than the promotion of his movies. (*Id.* at 1:15-17). These rights include a federally registered trademark (U.S. Registration No. 3265483) in Mr. Eastwood's name for "entertainment services, namely, personal appearances and live performance and live recorded performances by a movie star and actor." (*Id.* at 1:18-22; Ex. 1, ECF No. 67-4). These rights also include a common law trademark in Mr. Eastwood's name. (Mot. at 1:23-25).

Defendant owns the websites ushealthynews.com and usmagazine-trending-news.com (*Id.* at 4:19-21). These websites feature a false "news article" which contains pictures of Mr. Eastwood and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06503-RGK (JDEx) | Date | June 23, 2021 |
|---|---|---|---|
| Title | *Clint Eastwood, et al. v. Sera Labs, Inc. et al.* | | |

quotes him as saying that "he would be stepping away from the spotlight" to promote and sell a fictitious line of CBD products. (*Id.* at 3:6-8; Ex. 3, ECF No. 67-8). Further, Defendant sent emails linking to this article with the subject line, "Clint Eastwood Exposes Shocking Secret Today." (Mot. at 2:7-8; Ex. 2, ECF No. 67-7). However, Mr. Eastwood did not endorse CBD products and he did not permit Defendant to appropriate his likeness for commercial use. (Eastwood Decl. ¶ 2, ECF No. 67:2; Bernstein Decl. ¶ 3, ECF No. 67:3).

Mr. Eastwood is a Los Angeles resident, and Garrapata is a California limited liability company. (Mot. at 7:6). Defendant is a Lithuanian private limited company. (*Id.* at 5:1-2).

On February 22, 2021, Plaintiffs served Defendant the Complaint via email to gb@mediatones.com and message to Skype ID g.bucinskas. (Proof Serv. ¶¶ 1-3, ECF No. 53). There is no indication that the transmission was unsuccessful. (*Id.*) Defendant did not respond. On May 7, 2021, Plaintiffs filed this Motion for Default Judgment. (Default by Clerk, ECF No. 59).

### III. JUDICIAL STANDARD

Federal Rule of Civil Procedure ("Rule") 55(a) allows a court to enter a default judgment upon entry of default by the clerk and if a party has failed to plead or otherwise defend a case. Fed. R. Civ. P. 55(a). An applicant may seek a clerk-ordered judgment only when the claim is for an amount that is certain or capable of being made certain by computation. Fed. R. Civ. P. 55(b)(1). In all other cases, the applicant must apply for a court-order default judgment. *Id.* at 55(b)(2).

Local Rule 55-1 requires the court-ordered default judgment application to include: (1) when and against what party the default was entered; (2) the identification of the pleadings to which the default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented; (4) that the Servicemembers Civil Relief Act does not apply; and (5) that notice has been served on the defaulting party, if required by Rule 55(b)(2). C.D. Cal. L. R. 55-1.

Furthermore, an entry of default does not automatically entitle a plaintiff to a court-ordered judgment. *See Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986). Rather, it is within the court's discretion to grant or deny a default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). In exercising its discretion, the court may consider the following factors (collectively, the "*Eitel* factors"):

> (1) the merits of plaintiff's substantive claim; (2) the sufficiency of the complaint; (3) the sum of money at stake in the action; (4) the possibility of prejudice to the plaintiff; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06503-RGK (JDEx) | Date | June 23, 2021 |
|---|---|---|---|
| Title | *Clint Eastwood, et al. v. Sera Labs, Inc. et al.* | | |

*Id.* at 1471-72; *PepsiCo, Inc. v. Cal. Sec. Cans.*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002).

Lastly, for the purposes of default judgment, all well-pleaded factual allegations from the complaint, except those relating to the amount of damages, are assumed to be true. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

## IV. DISCUSSION

As an initial matter, in considering a motion for default judgment, a court must first determine that it possesses "jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Plaintiff's claim for trademark infringement clearly falls under the Court's federal subject matter jurisdiction, and the Court has supplemental jurisdiction over the pendent state claims. As to personal jurisdiction, Defendant is allegedly a Lithuanian private limited company. However, deeming the facts in the Complaint true, the Court appears to have specific personal jurisdiction over Defendant.

### A. Procedural Requirements

As stated in the judicial standard above, Rule 55(a) requires that certain procedural requirements are met to enter default judgment. Here, Plaintiffs filed a FAC in federal court on February 12, 2021. On February 22, 2021, Plaintiffs filed a Proof of Service for Defendant. Defendant failed to file an answer or otherwise respond to the Complaint. Defendant is an entity and not an infant or incompetent person. Defendant is not exempt under the Servicemembers' Civil Relief Act. On March 18, 2021, the Clerk entered default against Defendant. On May 7, 2021, Defendant was properly serviced with notice of the Motion for Default Judgment.

### B. The *Eitel* Factors

#### 1. *Prejudice to Plaintiffs*

Here, Defendant has not answered or otherwise responded to the Complaint. Accordingly, without a judgment, Plaintiffs will have no remedy for Defendant's infringing activities. Plaintiffs will therefore be prejudiced if the Court does not grant default judgment. *See PepsiCo*, 238 F. Supp. 2d at 1177.

#### 2. *Merits and Sufficiency of Plaintiffs' Substantive Claims*

The second two *Eitel* factors require that Plaintiffs "state a claim on which" they may recover. *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). In analyzing these two factors, well-pleaded

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06503-RGK (JDEx) | Date | June 23, 2021 |
|---|---|---|---|
| Title | *Clint Eastwood, et al. v. Sera Labs, Inc. et al.* | | |

allegations regarding liability are accepted as true. *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

Plaintiffs bring claims for (1) violation of common law right of publicity; (2) violation of California Civil Code § 3344; (3) false endorsement under the Lanham Act; (4) trademark infringement; (5) common law trademark infringement; (6) defamation; and (7) false light invasion of privacy.

### a. Common Law Right of Publicity Claims

To prevail on their California common law right of publicity claim, Plaintiffs must prove "(1) the defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury." *Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1138 (9th Cir. 2006). *See also Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1001 (9th Cir. 2001).

Here, taking Plaintiffs' allegations as true, Defendant used Mr. Eastwood's name and likeness when Defendant included pictures of Mr. Eastwood, and fabricated quotes from Mr. Eastwood in an article that advertised CBD products. Plaintiffs did not consent to the use of Mr. Eastwood's name or likeness to promote these products. Additionally, Plaintiffs allege that they incurred monetary damages equal to "the economic value of [Mr. Eastwood's] name and likeness." *See Solano v. Playgirl, Inc.*, 292 F.3d 1078, 1090 (9th Cir. 2002). Thus, Plaintiffs sufficiently state a claim for the common law right of publicity.

### b. California Civil Code § 3344 Claims

Under California Civil Code § 3344, "any person who knowingly uses another's name, voice, signature, photograph, or likeness, in any manner … for purposes of advertising … without such person's prior consent … shall be liable for any damages sustained by the person." Cal. Civ. Code § 3344(a). Plaintiffs must "allege a knowing use by the defendant as well as a direct connection between the alleged use and the commercial purpose." *Id*.

Here, Defendant knowingly posted the article that featured fabricated quotes from Mr. Eastwood and photos of Mr. Eastwood. Additionally, the overall purpose of the article was to sell CBD products, as evidenced by the links on the webpage that allowed viewers to purchase the CBD products featured in the article. Therefore, deeming the fact alleged as true, Plaintiffs have sufficiently stated this claim.

### c. Lanham Act and Common Law Trademark Infringement Claims

The requisite elements for false endorsement and trademark infringement claims under the Lanham Act are identical to those of common law trademark infringement claims. *See Waits v. Frito-Lay, Inc.*, 978 F.2d 1093, 1107 (9th Cir. 1992). To prevail on these claims, Plaintiffs must show

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06503-RGK (JDEx) | Date | June 23, 2021 |
|---|---|---|---|
| Title | *Clint Eastwood, et al. v. Sera Labs, Inc. et al.* | | |

ownership of a "valid, protectable trademark" and that Defendant's "use of the mark is likely to cause confusion" among consumers as to the source of the services. *Applied Info. Scis. Corp. v. eBay, Inc.*, 511 F.3d 966, 969 (9th Cir. 2007).

Here, Garrapata owns the rights of publicity in Mr. Eastwood's name, image, likeness, and persona for all purposes other than the promotion of his movies. These rights also include a common law trademark in Mr. Eastwood's name. Plaintiffs' allege that Defendant's use of Plaintiffs' trademark in the form of pictures and quotes created "initial interest confusion" because it used Plaintiff's trademark "in a manner calculated to capture attention." *See Brookfield Commc'n, Inc. v. West Coast Entm't. Corp.*, 174 F.3d 1036, 1062 (9th Cir. 1999). Based on these facts, Plaintiffs' Lanham Act and common law trademark infringement claims have been adequately stated.

### d. Defamation and False Light Invasion of Privacy Claims

The elements of defamation and a false light are identical. *Hawran v. Hixon*, 209 Cal. App. 4th 256, 277 (2012). To prevail, Plaintiffs must prove that there is "a publication that is false, defamatory, unprivileged, and that has a natural tendency to injure or that causes special damage." *Appel v. Wolf*, 839 F. App'x 78, 80 (9th Cir. 2020).

Here, the article allegedly contained general false statements of fact, fabricated quotes attributed to Mr. Eastwood, and fabricated quotes attributed to other celebrities. Moreover, these statements negatively impacted Eastwood's reputation. Mr. Eastwood neither provided these quotes nor consented to the dissemination of this allegedly false information. Finally, these statements exposed Eastwood to hatred, contempt, ridicule, and obloquy.

Taking these facts as true, the Court finds that Plaintiffs state a prima facie case for their claims. Accordingly, the first two *Eitel* factors weigh in favor of granting default judgment.

### 3. The Sum of Money at Stake

The Court next addresses the sum of money at stake in relation to the seriousness of Defendant's conduct. *PepsiCo*, 238 F. Supp. 2d at 1176. Some courts have noted that "this [factor] requires the court to assess whether the recovery sought is proportional to the harm caused by defendant's conduct." *Nutramax Labs., Inc. v. Body Wise Int'l, Inc.*, No. 18-CV-2076 DOC, 2019 WL 3210095, at *4, (C.D. Cal. Apr. 10, 2019). Further, courts disfavor default judgment "where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014).

Here, Plaintiffs seek recovery of approximately $30 million in damages, including actual damages, punitive damages, and attorney's fees and costs. In relation to Defendant's conduct, this is an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06503-RGK (JDEx) | Date | June 23, 2021 |
|---|---|---|---|
| Title | *Clint Eastwood, et al. v. Sera Labs, Inc. et al.* | | |

extremely large sum of money. As further discussed below, at issue is the lack of support Plaintiffs provide to justify this damage request. Plaintiffs provide only the amount Mr. Eastwood was paid for his appearance in a 2008 Super Bowl commercial. (Bernstein Decl. ¶ 5). Further, there is no evidence that Defendants profited from the article. Absent more information, the Court finds that Plaintiffs' damage request is unreasonable in relation to defendant's conduct.

    4.    *Dispute of Material Facts, Excusable Neglect, and Decision on the Merits*

Here, it is unlikely that there will be a dispute of material facts because Defendant has not appeared in this action, despite having been properly served with the Complaint, the notice of default, and Plaintiffs' Motion. Therefore, this factor supports default judgment. Moreover, although the Federal Rules of Civil Procedure favor decisions on the merits, this preference is not dispositive, and is nearly impossible without a response from the Defendant.

After taking all *Eitel* factors into consideration, even if the scale tips slightly toward granting default judgment, as discussed below, the amount requested has not been adequately proven up.

    **C.**    **Plaintiffs' Requested Remedies**

    1.    *Permanent Injunction*

15 U.S.C. § 1116(a) gives the Court the power to grant injunctions "according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark." 15 U.S.C. § 1116(a). A plaintiff seeking a permanent injunction must demonstrate: (1) irreparable injury, (2) lack of other adequate remedies; (3) a balance of the hardships that tips in its favor and (4) no negative impact on the public interest due to the permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Plaintiffs have satisfied these requirements.

First, Defendant's use of Plaintiffs' trademark created a likelihood of confusion. Because the article was presented as a piece of factual reporting in which Mr. Eastwood endorses CBD products, there remains significant potential for new and ongoing consumer confusion. *Vision Sports, Inc. v. Melville Corp.*, 888 F.2d 609, 612 n.3 (9th Cir. 1989) (holding that a likelihood of confusion is ordinarily presumed to cause irreparable injury).

Second, without a permanent injunction, Defendant would be able to continue hosting this allegedly false article. A permanent injunction is the only adequate remedy to rid the Internet of this article. *See Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06503-RGK (JDEx) | Date | June 23, 2021 |
|---|---|---|---|
| Title | *Clint Eastwood, et al. v. Sera Labs, Inc. et al.* | | |

Third, deeming the allegations true, Mr. Eastwood does not want to be associated with CBD products and the article is damaging his reputation. Without a response from Defendant, there are not enough facts to determine the magnitude of the hardship that Defendant will suffer if this injunction is granted. Thus, the balance of hardships tips toward Plaintiffs.

Finally, there is no indication that a permanent injunction would disserve the public's interest. In fact, the public has an interest in not being confused or misled by fraudulent advertisements or celebrity endorsements. *See Century 21 Real Estate Corp.*, 846 F.2d at 1181.

    2.    <u>Damages</u>

Plaintiffs seek monetary damages for their claims of misappropriation, trademark infringement, and defamation and false light. Under Local Rule 55-2, "if the amount claimed in a judgment by default is unliquidated, the applicant may submit evidence of the amount of damages by declarations." C.D. Cal. L. R. 55-2.

    a.  *Misappropriation claims*

Under California Civil Code § 3344, Defendant is liable to Plaintiffs for an amount greater than $750 or the actual damages suffered by Plaintiffs. Cal. Civ. Code § 3344(a). The actual damages may be determined based on the market value of the famous person's name, image, or identity. *See Midler v. Ford Motor Co.*, 849 F.2d 460, 463 (9th Cir. 1988). The profits Defendant received for the "unauthorized use" may also be a measure for actual damages. Cal. Civ. Code § 3344(a).

Here, as proof of Mr. Eastwood's market value, Plaintiffs have submitted a declaration attesting to an amount Mr. Eastwood was paid to appear in one Super Bowl television commercial in 2008. (Bernstein Decl. ¶ 5). First, the Court finds this declaration alone, to be insufficient to establish the value of Mr. Eastwood's appearance.[1] Moreover, while this declaration may provide a point of reference for Mr. Eastwood's appearance in a commercial endorsement, Plaintiffs fail to explain how the value of Mr. Eastwood's appearance in a television commercial translates to the value of his endorsement of a product in a written advertisement. Additionally, Plaintiffs allege that Defendant "should not end up better off for having stolen Mr. Eastwood's publicity rights." (Mot. For Default J., 20:1-3). While actual damages may be measured by the amount a defendant has profited, Plaintiffs fail to provide evidence as

---

[1] Plaintiffs cite to *CFTC v. Emerald Worldwide Holdings, Inc.*, No. CV03-8339AHM, 2005 WL 1130588, at *13 (C.D. Cal. Apr. 19, 2005), for the proposition that a declaration, alone, is sufficient. However, in addition to the fact that this is an unpublished, district court case, the court found the declaration to be sufficient because it "summarize[d] voluminous bank records" among other things. Here, that is not so.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06503-RGK (JDEx) | Date | June 23, 2021 |
|---|---|---|---|
| Title | *Clint Eastwood, et al. v. Sera Labs, Inc. et al.* | | |

to any financial gain by Defendant. Without such information, Plaintiffs' argument is speculative and without merit. Thus, a request for $10 million dollars is unsupported by sufficient facts.

Plaintiffs also request emotional distress damages. Such damages may be recovered for injury to peace, happiness, and feelings. *See Waits*, 978 F.2d at 1103. When assessing whether to grant emotional distress damages, the Court looks at "the nature of the infringement and its embarrassing impact on the plaintiff." *Id.* While Mr. Eastwood alleges that he was "shocked and angry" when he first saw the fraudulent article, this does not rise to the high standard California sets for emotional distress injuries. *See Young v. Bank of America*, 141 Cal. App. 3d 108, 114 (1983). ("In order to recover damages for emotional distress the injury suffered must be severe, i.e., substantial or enduring as distinguished from trivial or transitory."). Outside of Mr. Eastwood's initial reaction to the alleged misinformation, he has not provided any facts to support significant long-lasting effects on his mental state. Thus, a request for $1 million is an unreasonable damage award.

Plaintiffs also request damages for injury to Mr. Eastwood's reputation and goodwill. Per California Civil Code § 3333, "the measure of damages" for "the breach of an obligation," such as injury to Plaintiff's reputation and good will, "is the amount which will compensate for all the detriment proximately caused." Cal. Civ. Code § 3333. Due to the allegedly false accusations included in the article, Plaintiffs assert that Mr. Eastwood's reputation as a civil servant and a reputable member of the film industry may have been negatively impacted. Plaintiffs, however, state only that Mr. Eastwood's "representatives received inquiries from people" as to the validity of the article. (Eastwood Decl. ¶ 6). There are no facts to suggest that Mr. Eastwood suffered a loss of potential filmmaking jobs or opportunities as a result of the article. Thus, it is difficult to determine the extent of the damage to his reputation and the request for $1 million is unreasonable.

Finally, Plaintiffs request punitive damages. Both California Civil Code § 3344 and common law right of publicity allow for an award of punitive damages. Cal. Civ. Code § 3344. Punitive damages are available "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a). California courts define malice in part as "despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." Cal. Civ. Code § 3294(c)(1). Further, California courts hold that "the key question … is whether the amount of damages exceeds the level necessary to properly punish and deter." *Adams v. Murakami*, 54 Cal. 3d 105, 110 (1991). "Evidence of a defendant's financial condition is a prerequisite to the award of punitive damages." *Barnes v. Logan*, 122 F.3d 820, 824 (9th Cir. 1997). Here, Plaintiffs point to the allegedly fabricated article as evidence of Defendant's conscious disregard for Plaintiffs' rights. These facts, alone, do not clearly rise to the level of "malice," as defined by California law. Moreover, given the lack of information about the Defendant's financial status, the Court cannot determine whether the amount requested is appropriate. Thus, even if punitive damages are warranted, Plaintiffs' request for $10 million is unreasonable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06503-RGK (JDEx) | Date | June 23, 2021 |
|---|---|---|---|
| Title | *Clint Eastwood, et al. v. Sera Labs, Inc. et al.* | | |

    *b. Trademark Infringement claims*

Under the Lanham Act, a plaintiff is entitled "to recover (1) defendant's profits, (2) damages sustained by plaintiff, and (3) costs of the action." 15 U.S.C. § 1117(a). Additionally, depending on the circumstances of the case, a court may treble actual damages. *Id.* However, as discussed above, Plaintiffs do not provide any evidence as to either Defendant's profits, or Mr. Eastwood's loss of goodwill and reputation.

Since Plaintiffs have failed to adequately prove up monetary damages for the trademark infringement claims, the Court finds that Plaintiffs' request for $12 million in compensatory and enhanced damages is improper.

    *c. Defamation and False Light claims*

Plaintiffs also seek monetary damages for their defamation and false light invasion of privacy claims. If Defendant breaches "an obligation not arising from contract," then damages should "compensate for all the detriment proximately caused" by Defendant's conduct. Cal. Civ. Code § 3333. Mr. Eastwood states that he was "shocked and angry" upon reading the article, and that the "feelings grew" because of the fraudulent nature of the article. (Eastwood Decl. ¶ 6). Additionally, Plaintiffs allege that Mr. Eastwood's reputation was harmed because of the article. However, Plaintiffs have not offered any facts that sufficiently prove the amount of damages Mr. Eastwood suffered due to the harm. Furthermore, Plaintiffs have provided no facts to suggest that this article and/or the spam email reached a wide audience. Without such facts, there is simply no justification for the $2 million damage award Plaintiffs seek.

If a plaintiff sufficiently states a claim for defamation, the plaintiff may also seek punitive damages. *Wong v. Jing*, 189 Cal. App. 4th 1354, 1379 (2010). Plaintiffs seek punitive damages, alleging that Defendant distributed the article with malice and conscious disregard of Mr. Eastwood's rights. As stated above, the facts alleged do not clearly support a finding of malice, and Plaintiffs' have not provided information regarding Defendant's financial condition. Thus, the Court cannot justify a damage award of $6 million in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06503-RGK (JDEx) | Date | June 23, 2021 |
|---|---|---|---|
| Title | *Clint Eastwood, et al. v. Sera Labs, Inc. et al.* | | |

**V.     CONCLUSION**

For the foregoing reasons, the Court **DENIES without prejudice** Plaintiff's Motion.

**IT IS SO ORDERED.**

_____ : _____
Initials of Preparer
_____