UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

| Case No. | 2:20-cv-06503-RGK-JDE | Date | October 1, 2021 |
|---|---|---|---|
| Title | *Eastwood, et al. v. Mediatonas UAB* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiffs' Motion for Default Judgment (DE 81)

## I. INTRODUCTION

On February 12, 2021, Plaintiffs Clint Eastwood ("Mr. Eastwood") and Garrapata, LLC ("Garrapata") (collectively, "Plaintiffs") filed a First Amended Complaint ("Complaint") against Mediatonas UAB ("Defendant") alleging (1) violation of California Civil Code § 3344; (2) violation of common law right of publicity; (3) false endorsement under the Lanham Act; (4) trademark infringement; (5) common law trademark infringement; (6) defamation; and (7) false light invasion of privacy. Defendant has neither answered nor otherwise responded to the Complaint. On March 18, 2021, the Clerk entered default against Defendant. (ECF No. 59.)

Presently before the Court is Plaintiffs' renewed Motion for Default Judgment against Defendant. For the following reasons, the Court **GRANTS** Plaintiffs' Motion.

## II. FACTUAL BACKGROUND

The relevant factual background is set forth in the Court's Order of June 23, 2021. (Order Re Mot. Default J., ECF No. 75.) On May 7, 2021, Plaintiffs filed a Motion for Default Judgment. (ECF No. 67.) On June 23, 2021, the Court denied without prejudice Plaintiffs' Motion, holding that, particularly in light of the $30 million in damages requested, Plaintiffs had not adequately proven up the requested amount of damages. (Order Re Mot. Default J. at 7–9.)

Presently before the Court is Plaintiffs' renewed Motion for Default Judgment containing additional evidence concerning the requested amount of damages in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06503-RGK-JDE | Date | October 1, 2021 |
|---|---|---|---|
| Title | *Eastwood, et al. v. Mediatonas UAB* | | |

### III. JUDICIAL STANDARD

Federal Rule of Civil Procedure ("Rule") 55(a) allows a court to enter a default judgment upon entry of default by the clerk and if a party has failed to plead or otherwise defend a case. Fed. R. Civ. P. 55(a). An applicant may seek a clerk-ordered judgment only when the claim is for an amount that is certain or capable of being made certain by computation. Fed. R. Civ. P. 55(b)(1). In all other cases, the applicant must apply for a court-ordered default judgment. *Id.* at 55(b)(2).

Local Rule 55-1 requires the court-ordered default judgment application to include: (1) when and against what party the default was entered; (2) the identification of the pleading to which the default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented; (4) that the Servicemembers Civil Relief Act does not apply; and (5) that notice has been served on the defaulting party, if required by Rule 55(b)(2). C.D. Cal. L. R. 55-1.

Furthermore, an entry of default does not automatically entitle a plaintiff to a court-ordered judgment. *See Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986). Rather, it is within the court's discretion to grant or deny a default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). In exercising its discretion, the court may consider the following factors (collectively, the "*Eitel* factors"):

> (1) the merits of plaintiff's substantive claim; (2) the sufficiency of the complaint; (3) the sum of money at stake in the action; (4) the possibility of prejudice to the plaintiff; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471–72; *PepsiCo, Inc. v. Cal. Sec. Cans.*, 238 F. Supp. 2d 1172, 1175–77 (C.D. Cal. 2002).

Lastly, for the purposes of default judgment, all well-pleaded factual allegations from the complaint, except those relating to the amount of damages, are assumed to be true. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

### IV. DISCUSSION

Plaintiffs seek default judgment against Defendant for violations of Mr. Eastwood's right of publicity, trademark infringement, defamation, and false light invasion of privacy. The Court has already entered default against Defendant, and determined that default judgment and a permanent injunction are warranted. The only remaining issue is monetary damages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06503-RGK-JDE | Date | October 1, 2021 |
|---|---|---|---|
| Title | *Eastwood, et al. v. Mediatonas UAB* | | |

Whether or not monetary damages should be granted as part of default judgment comes down to the sum of money at stake, as courts disfavor default judgment "where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014). Under Local Rule 55-2, "if the amount claimed in a judgment by default is unliquidated, the applicant may submit evidence of the amount of damages by declarations." C.D. Cal. L. R. 55-2. For the following reasons, the Court finds that Plaintiffs' revised damages request is supported in part and, grants default judgment for a permanent injunction, as well as the monetary damages discussed below.

### A. Misappropriation Claims

Under California Civil Code § 3344, Defendant is liable to Plaintiffs for an amount greater than $750 or the actual damages suffered by Plaintiffs. Cal. Civ. Code 3344(a). The actual damages may be determined based on the market value of the famous person's name, image, or identity. *See Midler v. Ford Motor Co.*, 849 F.2d 460, 463 (9th Cir. 1988).

Plaintiffs estimate Mr. Eastwood's fair market license fee to be at least $6 million. In support of this figure, Plaintiffs present four categories of information as follows:

*i.    The License Fee for Mr. Eastwood's Prior Endorsement*

Mr. Eastwood's name and likeness have only been licensed once, for a single Super Bowl commercial "themed around America's resilience and recovery from the Great Recession." (Renewed Mot. at 4; Eastwood Decl. ¶ 5, ECF No. 81-2; Bernstein Decl. ¶ 5, ECF No. 81-3.) The evidence indicates that Mr. Eastwood accepted a fee for this commercial that was well below his market value because he felt strongly about its subject matter: job growth and the spirit of America. (Eastwood Decl. at ¶ 5; Bernstein Decl. at ¶¶ 5–7.)

*ii.    Garrapata's Declaration Regarding Licensing Fee*

Plaintiffs' theoretical fee of $6 million is based on what Plaintiffs would charge for Mr. Eastwood to endorse a high-profile product for a 16-month online campaign. Plaintiffs also add a premium to account for the fact that the CBD product is unknown and thus would rely more heavily on Mr. Eastwood's goodwill and jeopardize his reputation. (Bernstein Decl. ¶¶ 7(h), (i).)

*iii.    Comparable License Fees*

Plaintiffs have submitted a list of product endorsement deals made by other high-profile celebrities, ranging from $2 million to $20 million. (Renewed Mot. at 5–6.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06503-RGK-JDE | Date | October 1, 2021 |
|---|---|---|---|
| Title | *Eastwood, et al. v. Mediatonas UAB* | | |

  iv. *Expert License Fee Estimate*

According to Joseph C. Nunes's opinion, Professor of Marketing at the University of Southern California's Marshall School of Business, who is aware of the amounts other comparable celebrities have received in endorsement deals, the fee Mr. Eastwood received for his Super Bowl commercial was below his fair market value. (Nunes Decl. ¶¶ 5–7, ECF No. 81-24.) He also states that the value of Mr. Eastwood's name and likeness as used to endorse a CBD product exceeds $10 million, and that Defendant's use is worth more than $15 million, in part based on Mr. Eastwood's stature in the industry, that the CBD product is not well-known, and that the use of cheap-looking products is contrary to Mr. Eastwood's established reputation. (*Id.* ¶¶ 7–8.)

The Court finds that the facts set forth above, particularly in the absence of any controverting evidence, justify the reasonableness of an actual damages award of $6 million for the violation of Plaintiffs' right of publicity.

  **B.** **Trademark Infringement Claims**

Plaintiffs claim they are entitled to attorneys' fees under both California's right of publicity law and the Lanham Act. For the following reasons, the Court agrees.

  i. *California's Right of Publicity Law*

Plaintiffs request attorneys' fees and costs of $93,632 and $933.33, respectively, under California's right of publicity law. This statute provides that the prevailing party in an action under that section shall be entitled to such fees and costs. Cal. Civ. Code § 3344(a). "Under California law, courts calculate an award of attorneys' fees by determining a lodestar figure based on the time spent and reasonable hourly compensation for each attorney involved in the case." *Page v. Something Weird Video*, 960 F. Supp. 1438, 1445–46 (C.D. Cal. 1996).

Plaintiffs present the Court with a breakdown of the time their attorneys spent on this matter over approximately sixteen months and their hourly rates. (Susman Decl., Ex. 16, ECF No. 81-21.) Plaintiffs also include an explanation of the attorneys' prior litigation work, noting that the hourly rates here are less than what the attorneys typically charge. (Susman Decl. at ¶¶ 15–17.) In consideration of the circumstances of this case and the information provided by Plaintiffs, the Court finds attorneys' fees in the amount of $93,632 are warranted.

As for costs, California Civil Code § 3344 provides that the prevailing party is entitled to costs. *Page*, 960 F. Supp. 1438 at 1447. Plaintiffs have not identified which of their attorneys' expenses they

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06503-RGK-JDE | Date | October 1, 2021 |
|---|---|---|---|
| Title | *Eastwood, et al. v. Mediatonas UAB* | | |

are seeking to recover. However, it appears that their recoverable filing and service-related expenses total at least $1,063.40. Therefore, the Court finds the requested amount of $933.33 reasonable.

        ii.        *The Lanham Act*

As Plaintiffs are awarded their attorneys' fees under California Civil Code § 3344, the Court need not decide this matter separately under their Lanham Act claim.

    **C.**    **Defamation and False Light Claims**

Mr. Eastwood asserts that this is a libel per se action, and, therefore, it is "presumed that Plaintiff's reputation has been harmed and that he has suffered shame, mortification, or hurt feelings even if he has not proved any actual damages for harm to reputation or shame, mortification, or hurt feelings." (Renewed Mtn. at 12.) Therefore, Plaintiffs argue that they should be awarded substantial sums as compensation even absent proof that harm occurred. *Id*.

This action does not involve libel per se. Libel per se is "[a] libel which is defamatory of the plaintiff without the necessity of explanatory matter, such as an inducement, innuendo or other extrinsic fact." Cal. Civ. Code § 45(a). Here, Plaintiffs allege that Defendant published false statements attributed to and about Mr. Eastwood. However, the publication is not defamatory on its face. It requires additional context to understand what CBD products are and why a person like Clint Eastwood would not endorse a marijuana-based product. Accordingly, because the language used was not libelous on its face, "it is not actionable unless the plaintiff alleges and proves that he has suffered special damage as a proximate result thereof." *Id*. Mr. Eastwood has not adequately proven special damages here.

**V.**    **CONCLUSION**

As Plaintiffs have established that they are entitled to actual damages and attorneys' fees and costs in a reasonable sum that is proportional to the harm caused by Defendant, the *Eitel* factors now weigh in favor of granting default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06503-RGK-JDE | Date | October 1, 2021 |
|---|---|---|---|
| Title | *Eastwood, et al. v. Mediatonas UAB* | | |

For the foregoing reasons, the Court **GRANTS** Plaintiffs' renewed Motion for Default Judgment, awarding permanent injunction and monetary relief in the amount of $6,094,565.33. Plaintiff is hereby ordered to file a Proposed Judgment consistent with this order no later than **5 days** from the date this order is entered.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer